**Albino PEREZ, Petitioner—Appellant,**

v.

**Terry ROSARIO, Respondent—Appellee.**

**No. 04–15279.**

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Dec. 6, 2004.

Submission Deferred Dec. 8, 2005.

Resubmitted May 22, 2006.

Decided May 22, 2006.

Kent A. Russell, Esq., San Francisco, CA, for Petitioner—Appellant.

Christopher W. Grove, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent—Appellee.

Before: O'SCANNLAIN, COWEN,* and BEA, Circuit Judges.

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## MEMORANDUM **

Albino Perez appeals from the district court's denial of his habeas corpus petition. We omit the relevant facts as they are known to the parties.

### I

■ Perez first claims that the California trial court denied his Confrontation Clause rights by limiting the impeachment of a witness. In the absence of a state court decision on whether the Confrontation Clause was violated, we review this claim de novo. *See Pirtle v. Morgan,* 313 F.3d 1160, 1167–68 (9th Cir.2002). We are satisfied that trial court's impeachment limitations were reasonable and did not violate the Confrontation Clause. *See Olden v. Kentucky,* 488 U.S. 227, 232, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) ("a trial court may, of course, impose reasonable limits on defense counsel's inquiry into the potential bias of a prosecution witness. . . ."); *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ("The Confrontation Clause [does not guarantee] cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."). In any event, the state court's conclusion that Perez was not prejudiced because the judge relayed the damaging information to the jury is objectively reasonable.

### II

Perez also advances numerous ineffective assistance of counsel claims.[1] Specifically, he alleges that (1) his prior attorney's representation did not "fall[ ] within the wide range of reasonable professional assistance," *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) he was prejudiced—that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. The California Court of Appeal rejected these *Strickland* claims. We may only grant habeas relief if the state court's determination was either an objectively unreasonable application of *Strickland* and its progeny or if it contradicted them, 28 U.S.C. § 2254(d) & (e) (2000).

■ That the prior attorney did not find out about the Burger King tape was not prejudicial, where the tape had been destroyed before the attorney was hired. That the prior attorney allegedly did not ask Palma more detailed questions on the stand was not prejudicial, where Palma did not have more information to give. That the prior attorney did not call the uncooperative Espinoza to the stand to give testimony of little evidentiary value was not incompetent performance. That the prior attorney did not introduce in the first or second motions for a new trial the evidence introduced in the third such motion was not prejudicial. That the prior attorney allegedly did not make adequate investigations nor find certain additional witnesses was not prejudicial, where there was no reasonable probability that a reasonable attorney would have put these witnesses on the stand nor that their testimony would have then changed the outcome.[2]

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This memorandum disposition addresses a portion of these ineffective assistance of counsel claims. The remainder are addressed in an opinion filed concurrently herewith.

2. Perez has withdrawn his conflict of interest claim.